## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY ROMMEL, an individual,<br>MICHAEL DOUTHITT, an individual,<br>JUDITH RIGSBY, an individual,<br>and PATTI BIRGE, an individual,<br><br>PLAINTIFFS,<br><br>vs.<br><br>DICKINSON OF TULSA, INC.,<br>d/b/a CAREER POINT INSTITUTE,<br>and d/b/a CAREER POINT BUSINESS<br>SCHOOL, a foreign corporation, and<br>DICKINSON BUSINESS SCHOOL,<br>INC., d/b/a CAREER POINT<br>BUSINESS SCHOOL, a foreign<br>corporation, and EDU DYNE<br>SYSTEMS, INC., a foreign corporation,<br>and DICKINSON OF SAN ANTONIO,<br>INC., d/b/a CAREER POINT INSTITUTE,<br>a foreign corporation,<br><br>DEFENDANTS. | CASE NO. 09-CV-334-GKF-FHM |

## OPINION AND ORDER

Plaintiffs' Motion to Compel Discovery [Dkt. 89] is before the Court for decision.

The motion has been thoroughly briefed[1] and a hearing was held on the motion.

In general, the four plaintiffs who worked at Dickinson of Tulsa, Inc. allege age

discrimination in their employment terminations.  They further allege that each of the

defendants are joint employers and therefore liable for the age discrimination.

---

[1] Defendants' Response [Dkt. 98]; Plaintiffs' Reply [Dkt. 101; Plaintiffs' Supplemental Request for Additional Records Pursuant to Motion to Compel Hearing [Dkt. 106]; Plaintiffs' Second Supplement Requesting the Court to Consider After Acquired Evidence in Deliberations on Plaintiffs' Motion to Compel [Dkt. 110]; Defendants' Response to Plaintiffs' Supplemental Requests for Additional Records Pursuant to Plaintiffs' Motion to Compel [Dkt. 115] and Plaintiffs' Reply to Defendants' Response to Plaintiffs' Supplemental Requests for Additional Records [Dkt. 119].

Defendants generally deny Plaintiffs' claim of age discrimination and contend Plaintiffs were terminated for legitimate business reasons, including poor job performance in failing to get a sufficient number of students to enroll in Defendants' school.  Defendants also deny that they are joint employers.

Personnel Files

Plaintiffs seek production of the personnel files of Defendants' current and former employees from January 1, 2007, to April 13, 2010.  Plaintiffs contend the files would disclose whether there is a pattern or practice of discriminating against older employees, provide contact information for potential witnesses in the case, and allow Plaintiffs to verify the accuracy of Defendants' representations in other discovery responses.

Defendants argue that the personnel files are irrelevant to Plaintiffs' claims or Defendants' defenses, that it would be burdensome to produce them, and that it would violate the employees' privacy to produce the information.  Defendants strongly oppose providing Plaintiffs the phone numbers of the current and former employees.

The Court finds that the personnel files of employees of Dickinson of Tulsa, Inc., are relevant for discovery purposes.  Defendants' treatment of other employees in the same office with the same chain of command may be directly relevant to Plaintiffs' claims or Defendants' defenses or may lead to the discovery of admissible evidence. Conducting a comparison to other employees to show a pattern or practice of treatment of employees is a common form of proof in discrimination cases.  Further, limiting the production to Dickinson of Tulsa, Inc., which had approximately 150 employees during

this period, will lessen the burden on Defendants and confine the discovery to the office where Plaintiffs worked.

The Court is sensitive to the privacy of the individuals whose files will be produced and will, therefore, limit the production to those documents in the personnel files that contain the employees' age, contact information, hire and termination dates, positions and job duties, performance (including conversion rates), and discipline. The Court rejects Defendants' position that Plaintiffs' attorney should not be able to contact Defendants' current and former employees.   Defendants possess the contact information and can easily call the current and former employees.  Plaintiffs' attorney should have the same opportunity.  Defendants may not withhold current and former employee contact information from discovery to impede Plaintiffs' attorney from contacting those people.

Conversion Rate Reports

Conversion rate reports contain calculations that reflect an employee's success in getting a potential student to enroll in Defendants' school.  Defendants claim to use these reports to measure an employee's job performance and rely in part on such reports as a basis for Plaintiffs' terminations.  Plaintiffs seek production of these reports for all similarly situated employees of Defendants from June 1, 2007, through the present. Plaintiffs seek to compare the conversion rates of similarly situated employees to determine whether other employees with similar conversion rates were terminated and also to see if younger employees were treated differently.  Plaintiffs also request that the conversion rate reports be produced on a monthly basis.

The Court finds that the conversion rate reports are within the scope of discovery under the same rationale applied to the personnel files.

### Student Files

Plaintiffs seek production of all documents in the student files that relate to Plaintiff Rommel's conversion rate report from February 19, 2008 to April 30, 2008. These documents would include specific information about individual students or potential students including contact information. Plaintiffs contend the conversion rate report is not accurate and therefore could not serve as a legitimate basis for their termination. Plaintiffs argue that obtaining the student files and having contact with the students is the only way to prove the conversion rate report is inaccurate.

Defendants' response focuses on the privacy of the student files and challenges the evidentiary support for Plaintiffs' assertion that the report is inaccurate.

Whether the conversion rate report is accurate is clearly relevant to the claims and defenses in this case. The Court therefore grants the motion to compel, limited to the documents in the student files which relate to the calculation of the conversion rate report and the addresses and phone numbers for the students. This will limit the disclosure of information about the students to the information necessary to check the accuracy of the conversion rate report.

### Financial Information

Plaintiffs seek production of tax returns, balance sheets, K-1 reports and Oklahoma franchise tax returns concerning each of the Defendants to establish that they are integrated companies and joint employers. Defendants respond that the information is confidential and irrelevant.

4

The Court is persuaded that financial information to enable Plaintiffs to determine whether Defendants are integrated companies and joint employers falls within the scope of discovery. Of the items requested, the balance sheets appear to be the documents relevant to this issue. Therefore, Plaintiffs' motion is granted with regard to the balance sheets. Plaintiffs may also conduct additional discovery on this issue if the balance sheets are insufficient for this purpose.

<u>Accreditation Documents</u>[2]

Plaintiffs seek information concerning Defendants' accreditation, contending that one of the Plaintiffs who had a particular educational background was hired to bolster Defendants' accreditation efforts and then was terminated when the accreditation process was completed. Plaintiffs argue that because older persons usually have superior educational and work backgrounds this information would support their age discrimination claims. Plaintiff Douthitt testified that when he was interviewed for his job, he was told Defendants needed people with experience, professionalism and degrees to get accredited as a college.

The Court finds that responsive information limited to Dickinson of Tulsa, Inc., is relevant for discovery purposes based on Plaintiffs' theory and to explain why Defendants hired Plaintiff Douthitt even though he was over 40 years old at the time he was hired.

---

[2] Plaintiffs have issued a subpoena to obtain accreditation documents to the Accrediting Council for Independent Colleges and Schools. Defendants have moved to quash the subpoena. [Dkt. 109]. This ruling will also resolve the motion to quash.

Plaintiffs' motion to compel is therefore granted in this respect and Defendants' motion to quash [Dkt. 109] is denied in part; only responsive documents for Dickinson of Tulsa, Inc., must be produced.

## Veterans' Administration Files

Plaintiffs seek information regarding Defendants' suspension from Veterans' Administration programs to show that Defendant was not honest and truthful in dealing with these programs.

The Court finds this area is not within the scope of discovery because it will not lead to admissible evidence.   Even if Plaintiffs' theory is true, it is not relevant to Plaintiffs' claims of age discrimination.

## Conclusion

Plaintiffs' Motion to Compel Discovery [Dkt. 89] and Defendants' Motion to Quash Subpoena [Dkt. 109] are granted in part and denied in part as set forth herein.

SO ORDERED this 15th day of September, 2010.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE